UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK, CHARLESTON, SC

2005 SEP 12 A 10: 00

Charles Edward Frasier, #191206,

    Plaintiff,

vs.

Paula Hadwin;
H&R Block Tax, Mortgage and Financial; and
Jacquelyn M. Jarrell,

    Defendants.

) C/A No. 2:05-1792-DCN-RSC
)
)
)
) Report and Recommendation
)
)
)
)
)
)
)

This is a civil action filed by a state prison inmate *pro se.*[1] Plaintiff is currently confined at the Lieber Correctional Institution. He filed this action without paying the filing fee, and, in response to the initial Order (Document 2), he has submitted a Statement of Assets and Financial Certificate (Document 3) requesting to pay the filing fee in installments in accordance with the provision of the Prison Litigation Reform Act. Although he was directed by the initial Order to place the allegations contained in his originally submitted, handwritten Complaint (Document 1) on a court-approved complaint form, he has failed to do so and has, instead, produced another, longer, more detailed handwritten submission. Because this submission is not in compliance with the directions of the initial Order in this case and because Plaintiff never requested any type of exemption from compliance before he submitted the handwritten document, it has not been filed in the

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See also* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

1

case and its contents will not be considered in this Report and Recommendation. This failure of compliance with the clear directions of an Order from this Court alone would be a sufficient basis for this Court to order the dismissal without prejudice of this case since Plaintiff was clearly placed on notice of the possibility of such result by the following language contained in the initial Order in this case:

> . . . [I]if Plaintiff fails to provide the items listed above to the Clerk of Court within the period prescribed in this Order, the Office of the Clerk of Court shall forward the file in this case to the United States District Judge or Senior United States District Judge assigned to this case for a final order.[2]

However, in addition to recommendation that this case be dismissed for failure to comply with the directions in the initial Order, it is also recommended that it be summarily dismissed because Plaintiff fails to state a claim that falls within this Court's limited jurisdiction.

By filing the Complaint in this case, Plaintiff seeks to sue two individuals who reside in South Carolina and who are employed in the tax return preparation business, along with the Walterboro, South Carolina corporation for which they allegedly work.[3] Plaintiff claims that Defendants allegedly assisted in and/or facilitated an alleged forgery of an income tax return, which, in turn, led to the alleged forgery/theft of a $5,597.00 income tax refund

---

[2] *See* General Order filed on June 4, 1997, Misc. No. 3:97-MC-148-12, at pp. 3-4:

> If the prisoner does not get the case into proper form within the timetable set by the Magistrate Judge, the Clerk of Court shall forward the case to a United States District Judge for an order of dismissal without prejudice. Unless the United States District Judge or Senior United States District Judge so specifies in his or her order, a dismissal of a case for not being in proper form will not count as a "strike" for purposes of the "three strikes" provision of 28 U.S.C. § 1915(g).

[3] In response to the initial Order in this case, Plaintiff submitted summons forms for each Defendant showing all addresses to be on Bell's Highway in Walterboro, South Carolina.

2

intended for Plaintiff. He claims that he has been personally injured by Defendants' actions to the extent that he is now in prison because when he was deprived of the expected income tax refund, he was unable to come up with the money he needed to hire an attorney to defend him in court. He seeks compensatory and punitive damages from the Defendants as well as injunctive relief from this Court.

With respect to this Court's jurisdiction over his claims, Plaintiff states that because Defendants Hadwin and Jarrell have "a business license to preparer [sic] federal income taxes in according [sic] with federal tax codes, laws, statutes. Therefore, this court has jurisdiction over this action." Complaint, at 1-2. Plaintiff does not cite to any specific federal law or statute other than the general "federal tax codes, laws, statutes" that Defendants have allegedly violated. Nor does he claim that the general "federal tax codes, laws, statutes" that were allegedly violated were violated because of racial discrimination or that they provided for any private right of action for the recovery of damages as Plaintiff seeks here. Plaintiff claims that "Defendants' action constitutes constructive fraud; cross negligence; actionable fraud; fraudulent misrepresentation; breach of fiduciary duties; forgery." Complaint, at 3. In answer to the second question on his Statement of Assets filed in this case (Document 3), Plaintiff alleges that "[t]he nature of his action is federal tort claim 42 U.S.C. Section 1983, 1988 claim." The undersigned takes judicial notice of the fact that Plaintiff sued these same Defendants in state court in Colleton County shortly before his filed this suit. See Frasier v. Hadwin, Case no. 05-CP-15-393. He recently attempted to remove that case from Colleton County to this Court in Civil Action No. 2:05-2452-DCN-RSC. See Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970)(a federal court may take judicial notice of the contents of its own

3

records).

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995)(*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *see* Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n.7 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *See* Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See* Weller v. Department of Social Servs., 901 F.2d 387(4th Cir. 1990). Even under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

In order for this Court to hear and decide a case, the Court must, first, have

4

jurisdiction over the subject matter of the litigation. It is well settled that federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, see Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992); Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986), which is not to be expanded by judicial decree, see American Fire & Casualty Co. v. Finn, 341 U.S. 6 (1951). It is to be presumed that a cause lies outside this limited jurisdiction, see Turner v. Bank of North America, 4 U.S. (4 Dall.) 8, 11 (1799), and the burden of establishing the contrary rests upon the party asserting jurisdiction, see McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 182-83 (1936). The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question," 28 U.S.C. § 1331, and (2) "diversity of citizenship." 28 U.S.C. § 1332. The allegations contained in the Complaint filed by Plaintiff in this case do not fall within the scope of either form of this Court's limited jurisdiction.

First, there is clearly no basis for a finding of diversity jurisdiction over this Complaint. The diversity statute, 28 U.S.C. § 1332(a), requires **complete** diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
>
> (1) citizens of different States[.]

28 U.S.C. § 1332 (emphasis added). Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 372-74 & nn. 13-16 (1978). This

Court has no diversity jurisdiction under 28 U.S.C. § 1332 over this case because according to the information provided by Plaintiff when he filed his Complaint, Plaintiff and all three Defendants are residents of South Carolina.[4] Although it is not clear whether Plaintiff's allegations would be sufficient to support a finding that the $75,000 jurisdictional amount would be in controversy in this case, this does not matter in this case because, in absence of diversity of citizenship, the amount in controversy is irrelevant.

Second, it is clear that the essential allegations contained in the Complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. That is, the Complaint does not state a claim cognizable under this Court's "federal question" jurisdiction. Instead, it appears that Plaintiff's claims actually fall within the realm of state law-based tort actions seeking recovery of damages for personal injury as evidenced by Plaintiff's references to, among other things, "breach of fiduciary duties," "negligence," and "fraud." See, e.g., Slack v. James, 364 S.C. 609, 614 S.E.2d 636 (2005)(fraud, negligent misrepresentation); Pittman v. Grand Strand Entertainment, Inc., 363 S.C. 531, 611 S.E.2d 922 (2005)(constructive fraud); Floyd v. Floyd, 365 S.C. 56, 615 S.E.2d 465 (S.C. Ct. App. 2005)(breach of fiduciary duty). Generally, such personal injury/negligence disputes are a matter of state law to be heard in the state courts, unless diversity of citizenship is present.

As stated above, the allegations in the Complaint do not contain any specific reference to alleged violation of any federal statute or constitutional provision by

---

[4] Even though one Defendant appears to be a corporate entity and not a human being, that Defendant, H. & R. Block Tax, Mortgage and Financial, is still a "resident" of South Carolina as that term is legally understood. See Huggins v. Winn-Dixie Greenville, Inc., 233 F.Supp. 667, 669 (D. S.C. 1964).

Defendants, nor is any type of federal question jurisdiction otherwise evident from the face of the Complaint. Plaintiff does allege that Defendants' actions in connection with the preparation of an income tax return violated some undisclosed and unspecified "federal tax codes, laws, statutes;" however, he does not indicate whether those allegedly violated tax laws are based on the type of statutes which provide a private right of action whereby persons such as Plaintiff – not the Internal Review Service or the United States Government – can enforce such laws or statutes by seeking damages from violators. Because of the liberal construction requirements in pro se cases, despite Plaintiff's failure to specify which "federal tax codes, laws, statutes" he believes provide him a federal damages remedy in this case, out of an abundance of caution, the undersigned has reviewed the provisions of the United States Tax Code which appear to address fraud and misrepresentation in connection with tax preparation and tax returns. Insofar as can be reasonably determined, the vast majority of such statutes are criminal statutes and none appear to specifically provide private rights of action to individual citizens which would be cognizable under this Court's federal question jurisdiction. See Johnson v. Cullen, 925 F.Supp. 244, 251 (D.Del. 1996)(neither 18 U.S.C. § 1001 (making false statements in a matter involving a federal agency) nor 26 U.S.C. § 7206 (fraud involving federal tax matters) provide a private right of action for damages to a taxpayer who claimed injury by a tax preparer's contacts with the IRS); see, e.g., 26 U.S.C. § § 7207(fraudulent returns, statements, or other documents); 7422 (civil actions against the U.S. government only for refund); 7216 (tax preparer fraud); 6701 (penalties for understatement of taxes). It is well settled that unless there is clear congressional intent to provide a civil remedy, a plaintiff cannot recover civil damages for an alleged violation of a criminal statute. See Federal

Sav. & Loan Ins. Corp. v. Reeves, 816 F.2d 130, 137-38 (4th Cir. 1987)(no civil cause of action where no affirmative indication of Congressional intent to furnish a civil remedy); Bell v. Health-Mor, Inc., 549 F.2d 342 (5th Cir.1977); Barrett v. City of Allentown, 152 F.R.D. 50, 55 (E.D. Pa.1993); Creech v. Federal Land Bank of Wichita, 647 F.Supp. 1097 (D. Colo.1986).

To the extent that Plaintiff states on his Statement of Assets that this case is one involving "federal tort claim 42 U.S.C. Section 1983, 1988 claim," it is clear that this Court is not bound by such contentions. When considering the issue of whether a case is one "arising under the Constitution . . ." or, in other words, whether "federal question" jurisdiction is present, a federal court is not bound by the parties' characterization of a case. District courts are authorized to disregard such characterizations to avoid "unjust manipulation or avoidance of its jurisdiction." See Lyon v. Centimark Corp., 805 F. Supp. 333, 334-35 (E.D. N.C. 1992); see also Louisville & Nashville R.R. v. Mottley, 211 U.S. 149 (1908); cf. Gully v. First Nat'l Bank in Meridian, 299 U.S. 109 (1936)("Not every question of federal law emerging in a suit is proof that a federal law is the basis of the suit."); Bonner v. Circuit Ct. of St. Louis, 526 F.2d 1331, 1336 (8th Cir. 1975)(federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review."). Disregard of those assertions is appropriate in this case because Plaintiff's allegations do not support a viable cause of action against the named Defendants under either 42 U.S.C. §§ 1983/1988 or the Federal Torts Claim Act.

8

With regard to §§ 1983/1988, Plaintiff has not named any defendant who acted under the color of state law in connection with the preparation and submission of the problematic tax return. This is fatal to Plaintiff's claim that §§ 1983/1988 provide a basis for this Court to exercise its limited jurisdiction in this case because it appears that all Defendants are private persons or entities, not state actors. Purely private conduct such as that alleged in this case, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983 or under the Fourteenth Amendment, the two most common provisions under which persons come into federal court to claim that others have violated their constitutional rights. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 936 (1982); Burton v. Wilmington Parking Auth., 365 U.S. 715, 721 (1961). Plaintiff does not actually claim anywhere in his Complaint that Plaintiff have violated his constitutional rights. Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes "state action." See, e.g., Blum v. Yaretsky, 457 U.S. 991, 1002 (1982). To qualify as state action, the conduct in question "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and "the party charged with the [conduct] must be a person who may fairly be said to be a state actor." Lugar v. Edmondson Oil Co., 457 U.S. at 937; see United States v. International Brotherhood of Teamsters, Chauffeurs, Warehousemen Helpers of America, AFL-CIO, 941 F.2d 1292 (2d Cir.1991). As previously stated, his reference to § 1983 is only on the face of his Statement of Assets. However, even if he had included such allegations in his Complaint, they would not establish "federal question" jurisdiction over this case because

9

there are no additional allegations of "state action" in connection with the preparation and filing of the allegedly forged tax return of which Plaintiff complains.

Clearly, Plaintiff's assertion that this is a "federal tort claim" is not supportable under the circumstances surrounding this case, and does not provide a basis for this Court to exercise its federal question jurisdiction. Assuming that Plaintiff is referring to cases filed under the federal law known as the Federal Torts Claim Act (FTCA),[5] his Complaint fails to state a viable claim under that Act. One of the few areas in which the United States government has waived its sovereign immunity is in the area of personal injuries allegedly caused by government officials or employees. Under specific and limited circumstances, an injured party may sue the United States for damages alleged caused by an agency pursuant to the FTCA.

First, none of the Defendants in this case are employees or officials of the United States Government. That fact, in itself, shows that this case does not present a viable FTCA claim. Second, even if one of the Defendants were an agency, an official or an employee of the federal government, the case would still not present a viable FTCA claim because such hypothetical federal employee defendant, represented in such suit by the United States,[6] would still be entitled to summary dismissal because there is no indication

---

[5] See 28 U.S.C.§ 1346, 2674. The FTCA waives the sovereign immunity of the United States in certain situations. Litigants must strictly comply with the requirements of the FTCA. See 28 U.S.C. § 2675; United States v. Kubrick, 444 U.S. 111, 117-18 (1979). Also, the burden is on the plaintiff in a FTCA case to prove he/she completed all the conditions precedent to filing a lawsuit. See Kielwien v. United States, 540 F.2d 676, 679 (4th Cir. 1976)

[6] Suit under the FTCA lies only against the United States. Federal agencies, officials and employees, generally, may not be sued directly on claims brought under 28 U.S.C. s 1346(b). Rather, it is expressly provided that "(t)he authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title . . .." 28 U.S.C. s 2679(a).

10

that Plaintiff complied with FTCA pre-suit requirements.   See Myers and Myers, Inc. v. United States Postal Service, 527 F.2d 1252, 1256 (2d Cir. 1975). [7]

Finally, to the extent that Plaintiff seeks injunctive relief in the form of an order from this Court "directing the Attorney General to investigate whether criminal prosecution [supposedly of Defendants] is required in this action," Complaint, at 5, Plaintiff seeks relief that this Court cannot grant.  This is true because Plaintiff does not have any constitutional right to, or, in fact, any judicially cognizable interest in, the prosecution or non-prosecution of another person. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973); see also Diamond v. Charles, 476 U.S. 54, 64-65 (1986)(applying Linda R.S. v. Richard D. and collecting cases); Doyle v. Oklahoma State Bar Ass'n, 998 F.2d 1559, 1566-67 (10th Cir. 1993); Lane v. Correll, 434 F.2d 598, 600 (5th Cir. 1970). Also, several federal courts have held that, in absence of allegations that protective services such as criminal investigations and charges are being withheld *solely* for an illegally discriminatory reason, a private citizen, such as the Plaintiff, may not recover damages under § 1983 based on the failure of law enforcement or prosecuting authorities to charge or prosecute certain other private citizens criminally. See, e.g., McKee v. City of Rockwall, 877 F.2d 409, 418 (5th Cir. 1989)("Although there is no general constitutional right to police protection, the state may not discriminate in providing such protection;" plaintiff victim of assault could arguably

---

[7] For example, an administrative claim must first be filed with the appropriate federal agency before commencement of a civil action in a district court under the FTCA.  See 28 C.F.R. § 14.2; and the "STANDARD FORM 95[.]" Plaintiff's Complaint makes no mention of the filing of any administrative claim with any agency of the United States Government relative to his claims about his tax return and refund. Since the Complaint does not contain information showing that Plaintiff strictly complied with the requirements of 28 U.S.C. § 2675 and other relevant conditions precedent, any potential FTCA claim in this case is barred. See generally Diane M. Allen, Annotation, When Is Claim Properly Presented to Federal Agency, under 28 U.s.c.a. § 2675(a), for Purposes of Satisfying Prerequisite to Subsequent Suit under Federal Tort Claims Act, 73 A.L.R.Fed. 338 (2004).

11

sustain equal protection claim for inadequacy of police protection *only upon proof* that non-arrest of perpetrator was result of discrimination against protected class); Watson v. City of Kansas City, Kansas, 857 F.2d 690, 694 (10th Cir. 1988)("Although there is no general constitutional right to police protection, the state may not discriminate in providing such protection."). In absence of either diversity or federal question jurisdiction over the claims made by Plaintiff against Defendants, this case is frivolous and should be summarily dismissed without prejudice and without service on Defendants.[8]

### Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. See Denton v. Hernandez; Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe, 998 F.2d 201, 202-04 & n. * (4th Cir. 1993); Boyce v. Alizaduh; Todd v. Baskerville, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). Plaintiff's attention is directed to the important notice on the next page.

Respectfully submitted,

*/s/ Robert S. Carr*

Robert S. Carr
United States Magistrate Judge

September 12, 2005
Charleston, South Carolina

---

[8] Under § 1915(e)(2)(B)(i), a claim asserted by a *pro se* Plaintiff proceeding *in forma pauperis* may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

12

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The *Serious Consequences* of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D. Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *See* Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991); *see also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard,, the court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"; which involved a *pro se* litigant); Goney v. Clark, 749 F.2d 5, 7 n. 1 (3d Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins; Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**
